## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CARL NELSON,**

**Plaintiff,**                                   **Case No.:**

**v.**

**BLESSINGS TREATMENT AND**
**RECOVERY CENTER, LLC**
**d/b/a ROCKLAND TREATMENT**
**CENTER,**
**A Florida Limited**
**Liability Company,**

**Defendant.**
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CARL NELSON (hereinafter referred as "NELSON" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant BLESSINGS TREATMENT AND RECOVERY CENTER, LLC d/b/a ROCKLAND TREATMENT CENTER (hereinafter referred as "ROCKLAND" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA") and Florida's Workers' Compensation Law in violation of § 440.205. As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits,

compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief. In support of the foregoing, Plaintiff states as follows:

## **PARTIES**

1. NELSON was hired by ROCKLAND in September 2019.

2. NELSON is protected by the ADAAA because he:

   a. Was suffering "a physical or mental impairment that substantially limits one or more [of his] major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

   b. Had "a record of such an impairment" because of his required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

   c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

3. ROCKLAND is a counseling office in New Port Richey, Florida.

4. NELSON was employed as a Therapist for ROCKLAND.

5. By the very nature of its work, ROCKLAND is a corporation that is engaged in commerce.

6. ROCKLAND is engaged in an industry affecting commerce.

7. ROCKLAND employs more than fifty (50) employees.

8.     ROCKLAND employs more than fifty (50) employees within 75 miles of its Orlando, Florida location.

9.     Plaintiff is an "employee" as defined by the FMLA.

10.    ROCKLAND is an "employer" as defined by the FMLA.

11.    At all times material, NELSON was an "employee" of ROCKLAND as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

12.    At all times material, ROCKLAND was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## JURISDICTION & VENUE

13.    The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

14.    This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

15.    Plaintiff worked for ROCKLAND in Pasco County, Florida.

16.    ROCKLAND conducts business in Pasco County, Florida.

17.    Venue is proper in the Tampa Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## SATISFACTION OF CONDITIONS PRECEDENT

18.    On or about June 24, 2022, NELSON timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the American with Disabilities Act (ADA).

19.    The EEOC, on or about January 9, 2023, issued to NELSON a Dismissal and Notice of Rights as to the Charge.

20.    This action is being commenced within 90 days of NELSON'S receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

21.    Plaintiff worked as a therapist for Defendant, starting in September 2019.

22.    Plaintiff was employed with Defendant for one (1) calendar year leading up to January 2020.

23.    Plaintiff worked over 1,250 hours for Defendant during the year immediately preceding January 2020.

24.    Plaintiff suffered a compensable workers' compensation injury on September 27, 2021.

25.    Plaintiff's injury occurred when he accidentally walked into a "sound machine" that was left on the floor in a hallway.

26.    Plaintiff took two days off work due to the injury before returning.

27.    Plaintiff proceeded to work until October, at which time the pain worsened to the point where he could not get out of bed.

28.    Plaintiff then proceeded to his workers' compensation physician who placed him on light duty.

29.    Defendant indicated to Plaintiff that there was no light duty position for him to work in.

30.    The bulk of his work in his ordinary capacity as a therapist is sedentary.

31.    Shortly thereafter, Defendant asked for the return of client's key and requested that Plaintiff clean out his office.

32.    Plaintiff then remained out of work until he scheduled an appointment with his workers' compensation physician to revisit his light duty status.

33.    The workers' compensation physician then released him to begin working again in a full duty capacity starting January 3, 2022.

34.    Upon Plaintiff's January 3, 2022 return, he met with the Chief Financial Officer, Natalie (last name unknown), as well as the Clinical Director, Maritza (last name unknown).

35.    In this meeting, Plaintiff was told that he would no longer be working in a full-time capacity.

36.    Plaintiff was told that he would be limited to working 20 hours per week.

37.    In addition to reduced hours, Plaintiff would no longer be able to work with individual clients and would only be assigned to work with groups.

38.    Unfortunately, the next day on January 4, 2022, Plaintiff was believed to have contracted COVID-19 and was required to quarantine.

39.    Plaintiff kept Defendant aware of his quarantine requirement and returned to work on January 11, 2022.

40.    Plaintiff then met again with Chief Financial Officer, Natalie, and Clinical Director, Maritza, who informed Plaintiff that he would be placed on PRN status.

41.    PRN status means that he would not work until Defendant reached out to him with available times for him to work.

42.    Plaintiff has yet to be contacted by Defendant requesting that he return to work.

43.    Defendant's actions, including the failure to accommodate Plaintiff, were discriminatory.

44.    Defendant's actions, including terminating Plaintiff, were discriminatory.

45.    Defendant's actions, including terminating Plaintiff, were retaliatory.

## COUNT I
## INTERFERENCE UNDER THE FMLA

46.    NELSON re-alleges and adopts the allegations of paragraphs 1, 3-17, 21-42, and 44 above as if fully set forth herein.

47.    Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

48.    ROCKLAND was Plaintiff's employer as defined by the FMLA.

49.    ROCKLAND's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

50.    As a direct, natural, proximate and foreseeable result of the actions of ROCKLAND, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

51.    Plaintiff has no plain, adequate or complete remedy at law for the actions of ROCKLAND, which have caused and continue to cause irreparable harm.

52.    ROCKLAND's violations of the FMLA were willful.

53.    Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.    judgment in his favor and against ROCKLAND for their interference with his rights under the FMLA;

b.    judgment in his favor and against ROCKLAND for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of ROCKLAND's conduct;

c.    judgment in his favor and against ROCKLAND for his reasonable attorneys' fees and litigation expenses;

d.    judgment in his favor and against ROCKLAND for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.    declaratory judgment that ROCKLAND'S practices toward Plaintiff violate his rights under the FMLA; and

f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## RETALIATION UNDER THE FMLA

54.    NELSON re-alleges and adopts the allegations of paragraphs 1, 3-17, 21-42, and 45 above as if fully set forth herein.

55.    Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

56.    ROCKLAND was Plaintiff's employer as defined by the FMLA.

57.    ROCKLAND discriminated and/or retaliated against Plaintiff because ROCKLAND knew he was eligible for leave under the FMLA.

58.    ROCKLAND discriminated and/or retaliated against Plaintiff because Plaintiff's exercise of his rights under the FMLA

59.    ROCKLAND had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

60.    ROCKLAND'S acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

61.    ROCKLAND'S discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

62.    ROCKLAND'S conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

63.    As a direct, natural, proximate and foreseeable result of the actions of ROCKLAND, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

64.    Plaintiff has no plain, adequate or complete remedy at law for the actions of ROCKLAND, which have caused and continue to cause irreparable harm.

65.    ROCKLAND'S violations of the FMLA were willful.

66.    Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.    judgment in his favor and against ROCKLAND for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b.    judgment in his favor and against ROCKLAND for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of ROCKLAND'S conduct;

c.    judgment in his favor and against ROCKLAND for his reasonable attorneys' fees and litigation expenses;

d.    judgment in his favor and against ROCKLAND for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.    declaratory judgment that ROCKLAND'S practices toward Plaintiff violate his rights under the FMLA; and

f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## DISABILITY DISCRIMINATION

67.    NELSON realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-5, and 11-44 above.

68.    NELSON's medical conditions and restrictions were a motivating

cause of ROCKLAND's discriminatory behavior towards NELSON, and thus, constituted disability discrimination as proscribed by the ADAAA.

69.    ROCKLAND's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation, discriminated against NELSON with respect to the compensation, terms, conditions, or privileges of employment because of NELSON's disability.

70.    As a natural, proximate and foreseeable result of the actions of ROCKLAND, NELSON has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

71.    The conduct of ROCKLAND's management was in such reckless disregard of NELSON's federal statutory rights against disability discrimination as to entitled NELSON to recover an award of punitive damages to punish ROCKLAND and to deter it and others from such conduct in the future.

72.    The disability discrimination NELSON suffered, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

73.    NELSON is entitled to recover reasonable attorneys' fees and litigation expenses against ROCKLAND.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a.      Permanently enjoining Defendant ROCKLAND, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to NELSON;

b.      Awarding judgment against ROCKLAND for the back pay and benefits to which NELSON would have been entitled but for ROCKLAND's discriminatory acts;

c.      Awarding judgment against ROCKLAND for compensatory damages;

d.      Awarding judgment against ROCKLAND for punitive damages;

e.      Enjoining ROCKLAND to reinstate NELSON to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

f.      Awarding NELSON his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.      Awarding NELSON equitable relief in the form of an additional set-off for any negative tax consequences incurred by NELSON as the result of any damage award entered in his favor in this action; and

h.      Granting such other and further relief as the Court deems just.

## COUNT IV
## RETALIATION IN VIOLATION OF THE ADAAA

74.    NELSON realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-5, 11-42, and 45 above.

75.    NELSON requested a reasonable accommodation for his disability/perceived disability.  This constituted protected activity under the ADAAA.

76.    As a natural, proximate and foreseeable result of ROCKLAND's actions, NELSON has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

77.    The conduct of ROCKLAND's management was in such reckless disregard of NELSON's federal statutory rights against retaliation as to entitle NELSON to recover an award of punitive damages to punish ROCKLAND and to deter it and others from such conduct in the future.

78.    The retaliation NELSON suffered, in violation of his federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

79.    NELSON is entitled to recover reasonable attorneys' fees and litigation expenses against ROCKLAND.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a.    Permanently enjoining Defendant ROCKLAND, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to NELSON;

b.    Awarding judgment against ROCKLAND for the back pay and benefits to which NELSON would have been entitled but for ROCKLAND's retaliatory acts;

c.    Awarding judgment against ROCKLAND for compensatory damages;

d.    Awarding judgment against ROCKLAND for punitive damages;

e.    Enjoining ROCKLAND to reinstate NELSON to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting his front pay;

f.    Awarding NELSON his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.    Awarding NELSON equitable relief in the form of an additional set-off for any negative tax consequences incurred by NELSON as the result of any damage award entered in his favor in this action; and

h.    Granting such other and further relief as the Court deems just.

## COUNT V:
## RETALIATION IN VIOLATION OF §440.205, FLORIDA STATUTES

80.    NELSON realleges and incorporates all allegations contained within Paragraphs 1, 3-4, 13-17, 21-42, and 45 above.

81.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the §440.205, Florida Statutes.

82.    Plaintiff was threatened with discharge by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

83.    Plaintiff was discharged by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

84.    The retaliation to which Plaintiff was subjected was based on his disability.

85.    The retaliation to which Plaintiff was subjected was based on his attempt to claim compensation Workers 'Compensation Law (Chapter 440, Florida Statutes).

86.    Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's firing.

87.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

88.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court will:

a.    That the Court declare that Defendant violated the aforementioned causes of action;

b.    A jury trial and entry of judgment in Plaintiff's favor;

c.    Back pay;

d.    Front pay;

e.    Compensatory damages;

f.    Liquidated damages;

g.    Attorney's fees and expenses; remove.

h.    Prejudgment interests, and, if applicable, post-judgment interest;

i.    Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __7th__ day of April, 2023.

Respectfully submitted,
s/ Edward W. Wimp
Edward W. Wimp, Esquire – LEAD COUNSEL
FBN: 1015586
Email: ewimp@theleachfirm.com
Direct: 407-574-6339

Anthony J. Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff